# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**TERENCE ANTOINE REED**                                       **PLAINTIFF**

**V.**                          **No. 4:23-CV-00652 ERE**

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security**                    **DEFENDANT**

## <u>ORDER</u>[1]

Plaintiff Terence Reed appeals the Social Security Administration Commissioner's final decision denying his application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

## I.     Background

On May 11, 2021, Mr. Reed protectively filed an application for benefits due to aplastic anemia, hydrogenitis, anxiety, and a back injury. *Tr. 10, 210*.

Mr. Reed's claim was denied initially and upon reconsideration. At Mr. Reed's request, an Administrative Law Judge ("ALJ") held a telephonic hearing on August 2, 2022, where Mr. Reed appeared with Ted Robinson (a non-attorney representative), and the ALJ heard testimony from Mr. Reed and a vocational expert ("VE"). *Tr. 27-52*. The ALJ issued a decision on August 16, 2022, finding that Mr.

---

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 11*.

1

Reed was not disabled. *Tr. 10-18*. The Appeals Council denied Mr. Reed's request

for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6*.

Mr. Reed, who was thirty-four years old at the time of the hearing, graduated

high school and has past relevant work experience as a stock clerk. *Tr. 16, 255*.

## II.    The ALJ's Decision[2]

The ALJ found that Mr. Reed had not engaged in substantial gainful activity

since March 26, 2020, the alleged onset date. *Tr. 12*. The ALJ also concluded that

Mr. Reed had the following severe impairments: aplastic anemia, thrombocytopenia,

and hidradenitis suppurativa. *Tr. 12*. However, the ALJ concluded that Mr. Reed did

not have an impairment or combination of impairments that met or equaled an

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 13*.

According to the ALJ, Mr. Reed had the residual functional capacity ("RFC")

to perform sedentary work, with the following limitations: (1) only occasional

climbing ramps and stairs but never climbing ladders, ropes, or scaffolds; (2)

occasional stooping, kneeling, crouching, and crawling; (2) must avoid working at

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the  national economy. 20 C.F.R. §§ 416.920(a)-(g); 416.1435 (a)-(g).

unprotected heights or around moving mechanical parts; (4) only occasional exposure to dust, odors, fumes, and other pulmonary irritants. *Tr. 14*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy, including call out operator and addresser. *Tr. 17, 50*. Accordingly, the ALJ determined that Mr. Reed was not disabled.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F. 3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F. 3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milan v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite direction." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997)(citation omitted).

3

**B.     Mr. Reed's Arguments for Reversal.**

Mr. Reed contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred by: (1) failing to properly consider whether the Claimant equaled a listed impairment; and (2) failing to perform a proper credibility/consistency determination. *Doc. 10 at 3*. After carefully reviewing the record as a whole, I affirm the Commissioner.

**C.     Analysis**

**1.     The Claimant Did Not Equal a Listed Impairment.**

Mr. Reed argues the ALJ failed to properly review his record regarding his hidradenitis suppurative as a severe impairment. "At Step Three, the burden rests squarely on the claimant to show he meets a listing." *Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010). "To meet a listing, an impairment must meet all of the listing's specified criteria." *Id.* (citations omitted). The listing criteria for hidradenitis suppurativa states:

> 8.06 *Hidradenitis suppurativa*, with extensive skin lesions involving both axillae, both inguinal areas or the perineum that persist for at least 3 months despite continuing treatment as prescribed.[3]

Mr. Reed's medical records show he has not had *persistent* skin lesions, that is, lesions that persisted for three months. *Tr. 13*.

---

[3] 20 C.F.R. Pt. 404, Subpt. P, App. 1 §8.06.

4

Mr. Reed alleges the ALJ erred by not considering the limited medical treatments available for his condition. *Tr. 47*. However, the record shows Mr. Reed was a candidate for surgery to treat his hidradenitis suppurative, but he opted for less invasive treatment. *Tr. 15, 47, 309, 314, 318, 323, 328, 331, 335, 339, 342*. "Failure to follow prescribed treatment may be used to discredit subjective allegations. *Brown v. Heckler*, 767 F.2d 451, 452 (8th Cir. 1985). In his brief, Mr. Reed states he cannot have surgery due to his aplastic anemia, however, that statement is not supported by any of the medical records. *Tr. 47*. In lieu of surgery, Mr. Reed's hidradenitis suppurative has been treated periodically with Bactrim and Prednisone. *Tr. 309, 317, 333, 335, 337, 339*. "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhardt*, 275 F.3d 722, 725 (8th Cir. 2002).

## 2. The ALJ's Credibility Analysis is Supported by the Record

Mr. Reed argues the ALJ did not properly consider his subjective complaints of pain or comply with the *Polanski* factors. *Doc. 10 at 5*.  In considering the credibility of a claimant's subjective complaints, an ALJ must consider; (1) the claimant's prior work record; (2) observations by third parties and treating and examining physicians relating to such matters as: (a) the claimant's daily activities; (b) the duration, frequency and intensity of the pain; (c) precipitating and

aggravating factors; (d) dosage, effectiveness and side effects of medication; and (e) functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

Mr. Reed asserts the ALJ did not properly account for the pain he experiences due to his boils, which limits the use of his arms. *Doc. 10 at 7*. Despite Mr. Reed's assertion that he is in constant pain, from July 2020 through June 2021, he repeatedly reported to his treating physician that he "was feeling well, and ha[d] no new health concerns." *Tr. 14, 34, 263, 425*. During his September 16, 2020, appointment Mr. Reed reported having, "more energy than usual the last few weeks and only ha[ving] low back pain." *Tr. 425*. This evidence supported the ALJ's finding that "the claimant's statements concerning the intensity, persistence and limiting effects of [those] symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." *Tr. 14*. The ALJ may discount a claimant's subjective complaints if there are inconsistencies in the record as a whole. *Guilliams v. Barnhardt*, 393 F.3d 798, 801 (8th Cir. 2005).

Mr. Reed's records also show there were times he was not taking any type of medication for pain. *Tr. 304, 311, 315, 320, 325, 329, 337*. On April 15, 2020, Mr. Reed told his treating provider he "rarely" takes Tylenol though he had "frequent recurring boils." *Tr. 333*. As noted by the ALJ's opinion, Mr. Reed has not been prescribed any pain medication for his boils. *Tr. 14*. The fact that Mr. Reed was not on any pain medication at times (and when he was, it was an over-the-counter

medicine) is "inconsistent with subjective complaints of disabling pain." *Haynes v. Shalala*, 26 F.3d 812, 814 (8th Cir. 1994). The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

The ALJ's credibility analysis of Mr. Reed's subjective complaints of pain is supported by the record.

## IV.    Conclusion

The ALJ applied proper legal standards in evaluating Mr. Reed's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that Commissioner's decision is affirmed and judgment will be entered in favor of the Commissioner.

Dated 9 February 2024.

_____
UNITED STATES MAGISTRATE JUDGE